IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIMMY LEE MENIFEE,  )  <br>  Plaintiff,  ) | |
| vs.  ) | No. 3:16-CV-690-O-BH |
| ) | |
| SPECIAL INSURANCE SERVICES  )  <br>  AND MANAGEMENT,  ) | |
| Defendant.  ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On March 11, 2016, the *pro se* plaintiff filed this action alleging that the defendant insurance company breached an insurance contract and abused and neglected a handicapped individual by giving the money from an occupational injury policy that was supposed to be used for his medical care to the wrong family members without his consent. (doc. 3 at 1;[1] doc. 12 at 1-5.[2]) He seeks to recover the funds from the policy and land that his family members and the insurance company's employees allegedly purchased with the insurance proceeds. (doc. 3 at 1; doc. 12 at 6, 8.)

**II. JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] The plaintiff's verified answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Here, the plaintiff's cause of action against the defendant for breach of an insurance contract arises solely under state law. He neither identifies nor asserts any federal causes of action against the defendant, nor makes any allegation to support any federal cause of action against it. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (emphasis in the original). As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Here, the plaintiff does not allege the defendants' citizenship. He has also fails to allege that

the amount in controversy exceeds the jurisdictional limit for purposes of diversity jurisdiction. He has therefore not met his burden to show that complete diversity exists between the parties, and his state law breach of contract claims should be dismissed for lack of subject matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.,* 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state).

### III.  RECOMMENDATION

The plaintiff's claims should be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED on this 15th day of August, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
